Received and E-Filed for Record
6/12/2019 10:04 AM
Melisa Miller District Clerk
Montgomery County, Texas

CAUSE NO. 19-06-08093
_____

| | | |
|---|---|---|
| **SABRINA KARACHIWALLA AND MUSTAFA YAMANI,** | § | **IN THE JUDICIAL COURT OF** |
| *Plaintiffs,* | § | |
| | § | |
| **v.** | § | **MONTGOMERY COUNTY, TEXAS** |
| | § | **Montgomery County - 284th Judicial District Court** |
| **THE TRAVELERS HOME AND MARINE INSURANCE COMPANY,** | § | |
| *Defendant.* | § | **_____ DISTRICT COURT** |

### PLAINTIFFS' ORIGINAL PETITION, JURY DEMAND, AND REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Sabrina Karachiwalla and Mustafa Yamani, ("Plaintiffs"), and file **Plaintiffs' Original Petition, Jury Demand and Request for Disclosure**, complaining of The Travelers Home and Marine Insurance Company ("The Travelers Home and Marine") ( "Defendant") and for cause of action, Plaintiffs respectfully show the following:

### DISCOVERY CONTROL PLAN

1.      Plaintiffs intend to conduct discovery under Level 3, Texas Rules of Civil Procedure 190.4 and 169.

### PARTIES

2.      Plaintiffs, Sabrina Karachiwalla and Mustafa Yamani, reside in Montgomery County, Texas.

3.      Defendant, The Travelers Home and Marine Insurance Company, is a Connecticut insurance company engaged in the business of insurance in the State of Texas.  Plaintiffs request service of citation upon The Travelers Home and Marine Insurance Company through its registered agent for service:  **Corporation Service Company, 211 East 7TH Street, Suite 620, Austin, Texas 78701**.  Plaintiffs request service at this time.

**EXHIBIT D**

**JURISDICTION**

4.     The Court has jurisdiction over The Travelers Home and Marine because this Defendant engages in the business of insurance in the State of Texas, and the causes of action arise out of The Travelers Home and Marine's business activities in the state, including those in Montgomery County, Texas, with reference to this specific case.

5.     The Court has jurisdiction over Jahnz because this Defendant engages in the business of adjusting insurance claims in the State of Texas, and the causes of action arise out of this Defendant's business activities in the State of Texas, including those in Montgomery County, Texas, with reference to this specific case.

**VENUE**

6.     Venue is proper in Montgomery County, Texas because the insured property is located in Montgomery County, Texas, and all or a substantial part of the events giving rise to this lawsuit occurred in Montgomery County, Texas. TEX. CIV. PRAC. & REM. CODE § 15.032.

**FACTS**

7.     Plaintiffs assert claims for fraud, breach of contract, violations of sections 541 and 542 of the Texas Insurance Code, and violations of the Texas DTPA.

8.     Plaintiffs own an The Travelers Home and Marine Insurance Company homeowner's insurance policy, number 6008428316631 ("the Policy"). At all relevant times, Plaintiffs owned the insured premises located at 18 South Altwood Circle The Woodlands, Texas 77382 ("the Property").

9.     The Travelers Home and Marine or its agent sold the Policy, insuring the Property, to Plaintiffs.  The Travelers Home and Marine or its agent represented to Plaintiffs that the Policy included wind and hailstorm coverage for damage to Plaintiffs' property.  The Travelers Home and Marine has refused the full extent of that coverage currently owed to Plaintiffs.

10.     On or about July 12, 2017, the Property sustained extensive damage resulting from a severe storm that passed through the Montgomery, Texas area.

11.     In the aftermath of the wind and hailstorm, Plaintiffs submitted a claim to The Travelers Home and Marine against the Policy for damage to the Property.  The Travelers Home and Marine assigned claim number H6Q4925 to Plaintiffs' claim.

12.     Plaintiffs asked The Travelers Home and Marine to cover the cost of damage to the Property pursuant to the Policy.

13.     Damaged areas of the property include, but are not limited to the roof, vents, flashings, windows, window screens, fascia, gutters, downspouts, and HVAC system. The storm compromised the integrity of the roof allowing water to enter, causing water damage to the following areas of the interior: the foyer, master bedroom 1, living room, kitchen, master bedroom 2, and hallway.

14.     The Travelers Home and Marine assigned or hired Jahnz to adjust the claim.

    a.    Jahnz had a vested interest in undervaluing the claims assigned to him by The Travelers Home and Marine in order to maintain his employment. The disparity in the number of damaged items in his report compared to that of Plaintiffs' public

adjuster's is evidence of fraud on the part of Jahnz. The valuation of damages that were included in Jahnz's report compared to Plaintiffs' public adjuster's is also evidence of fraud on the part of Jahnz.

b.  Furthermore, Jahnz was aware of Plaintiffs' deductible before visiting the Property to conduct the inspection. Jahnz had advanced knowledge of what amount of damages he needed to find in order to either deny the claim or find the claim below the deductible.

c.  Jahnz made misrepresentations as to the amount of damage Plaintiffs' Property sustained as well as misrepresentations regarding how much it would cost to repair the damage to Plaintiffs' Property.

d.  Jahnz made further misrepresentations to Plaintiffs during his inspection. Jahnz used his expertise to fabricate plausible explanations for why visible damage to Plaintiffs' Property would not be covered under the policy. Such misrepresentations include damage to the Property owing from wear and tear, damage from a previous claim, and damage of a type not consistent with the type of claim that was made.

15.  The Travelers Home and Marine, through its agents, namely Jahnz, conducted a substandard and improper inspection and adjustment of the Property, which yielded grossly inaccurate and unrealistic assessments of the cause, extent, and dollar amount of damage to the Property.

16.     The initial adjustment of the claim occurred on or around August 23, 2018. Jahnz found that there was no damage from a covered peril to the roof of the property.

17.     After application of the policy deductible, Plaintiffs were left without adequate recovery to complete proper repairs on Plaintiffs' property.

18.     To date, Plaintiffs have received $0.00 for damage to Plaintiffs' Property. The damage to Plaintiffs' Property is currently estimated at 26,380.

19.     Since due demand was made on February 19, 2019, The Travelers Home and Marine has not communicated that any future settlements or payments would be forthcoming to pay for the entire loss covered under the Policy, nor did it provide any explanation for failing to settle Plaintiffs' claim properly.

20.     As stated above, Defendant failed to assess the claim thoroughly.  Based upon Defendant grossly unreasonable, intentional, and reckless failure to investigate and adjust the claim properly, The Travelers Home and Marine failed to provide full coverage due under the Policy.

21.     As a result of The Travelers Home and Marine's failure to provide full coverage, along with The Travelers Home and Marine's delay tactics to avoid reasonable payment to Plaintiffs, Plaintiffs have suffered damages.

22.     The Travelers Home and Marine failed to perform its contractual duties to Plaintiffs under the terms of the Policy.  Specifically, The Travelers Home and Marine refused to pay the full proceeds of the Policy, although due demand was made for an amount sufficient to cover repairs to the damaged Property, and all conditions precedent to recover upon the

Policy were accomplished by Plaintiffs.

23.    Defendant's misrepresentations, unreasonable delays, and continued denials constitute a breach of the statutory obligations under Chapters 541 and 542 of the Texas Insurance Code.  Thus, the breach of the statutory duties constitutes the foundation of a breach of the insurance contract between The Travelers Home and Marine and Plaintiffs.

24.    Defendant conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices.   TEX. INS. CODE §541.060(a)(1).   Defendant has not attempted to settle Plaintiffs' claim in a fair manner, even though Defendant was aware of their liability to Plaintiffs under the Policy.  Specifically, Defendant have failed to timely pay Plaintiffs' coverage due under the Policy.

25.    Defendant conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE §541.060(a)(2)(A).  Defendant failed to provide Plaintiffs a reasonable explanation for not making the full payment under the terms of the Policy.

26.    Defendant conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE §541.060(a)(4).  Defendant refused to provide full coverage due to Plaintiffs under the terms of the Policy.  Specifically, The Travelers Home and Marine, through its agents, servants, and representatives, namely Jahnz, performed an outcome-oriented investigation of Plaintiffs' claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiffs' losses on the Property.

27.    Defendant conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims.  TEX. INS. CODE §542.055.  Defendant failed to reasonably accept or deny

Plaintiffs' full claim within the statutorily mandated time after receiving all necessary information.

28. Defendant conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims.  TEX. INS. CODE §542.056.  Defendant failed to meet their obligations under the Texas Insurance Code regarding timely payment of the claim.  Specifically, Defendant has delayed payment of Plaintiffs' claim longer than allowed, and Plaintiffs have not received full payment for the claim.

29. Defendant wrongful acts and omissions forced Plaintiffs to retain the professional services of the attorneys and law firm representing them with respect to these causes of action.

## CAUSES OF ACTION AGAINST DEFENDANT THE TRAVELERS HOME AND MARINE INSURANCE COMPANY

### COUNT 1 - BREACH OF CONTRACT

30. All allegations above are incorporated herein.

31. The Travelers Home and Marine is liable to Plaintiffs for intentional violations of the Texas Insurance Code, and intentional breach of the common law duty of good faith and fair dealing.  It follows, then, that the breach of the statutory duties constitutes the foundation of an intentional breach of the insurance contract between The Travelers Home and Marine and Plaintiffs.

32. The Travelers Home and Marine's failure and/or refusal to pay adequate coverage as obligated under the terms of the Policy, and under the laws of the State of Texas, constitutes a breach of the insurance contract with Plaintiffs.

**COUNT 2 – VIOLATIONS OF THE TEXAS INSURANCE CODE:**
**UNFAIR SETTLEMENT PRACTICES**

33.     All allegations above are incorporated herein.

34.     The Travelers Home and Marine's conduct constitutes multiple violations of the Texas

Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE §541.060(a).  All violations

under this article are actionable by TEX. INS. CODE §541.151.

35.     The Travelers Home and Marine's unfair settlement practice of misrepresenting to

Plaintiffs material facts relating to coverage constitutes an unfair method of competition

and a deceptive act or practice in the business of insurance.   TEX. INS. CODE

§541.060(a)(1).

36.     The Travelers Home and Marine's unfair settlement practice of failing to attempt in good

faith to make a prompt, fair, and equitable settlement of the claim, even though liability

under the Policy was reasonably clear, constitutes an unfair method of competition and

a deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(2)(A).

37.     The Travelers Home and Marine's unfair settlement practice of failing to provide Plaintiffs

a prompt and reasonable explanation of the basis in the Policy, in relation to the facts or

applicable law, for partial denial of the claim, constitutes an unfair method of competition

and a deceptive act or practice in the business of insurance.   TEX. INS. CODE

§541.060(a)(3).

38.     The Travelers Home and Marine's unfair settlement practice of failing within a reasonable

time to affirm or deny coverage of the claim to Plaintiffs constitutes an unfair method of

competition and a deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(4).

39.     The Travelers Home and Marine's unfair settlement practice of refusing to pay Plaintiffs' claim without conducting a reasonable investigation constitutes an unfair method of competition and a deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(7).

**COUNT 3 – VIOLATIONS OF THE TEXAS INSURANCE CODE:
PROMPT PAYMENT OF CLAIMS**

40.     All allegations above are incorporated herein.

41.     The Travelers Home and Marine's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims.  All violations made under this article are actionable by TEX. INS. CODE §542.060.

42.     The Travelers Home and Marine's failure to notify Plaintiffs in writing of its acceptance or rejection of the full claim within the applicable time constraints constitutes a non-prompt payment in violation of TEX. INS. CODE §542.056.

43.     The Travelers Home and Marine's delay in paying Plaintiffs' claim following receipt of all items, statements, and forms reasonably requested and required, for longer than the amount of time provided, constitutes a non-prompt payment of the claim.  TEX. INS. CODE §542.058.

## COUNT 4 - BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

44.     All allegations above are incorporated herein.

45.     The Travelers Home and Marine's conduct constitutes a breach of the common law duty

of good faith and fair dealing owed to an insured in insurance contracts.

46.     The Travelers Home and Marine's failure to adequately and reasonably investigate and

evaluate Plaintiffs' claim, although, at that time, The Travelers Home and Marine knew or

should have known by the exercise of reasonable diligence that liability was reasonably

clear, constitutes a breach of the duty of good faith and fair dealing.

## COUNT 5 – VIOLATIONS OF TEXAS DECEPTIVE TRADE

## PRACTICES ACT VIOLATIONS

47.     All allegations above are incorporated herein.

48.     The Travelers Home and Marine's conduct constitutes multiple violations of the Texas

Deceptive Trade Practices Act ("DTPA"), TEX. BUS. & COM. CODE 17.41–63.  Plaintiffs are

consumers of goods and services provided by The Travelers Home and Marine pursuant

to the DTPA.  Plaintiffs have met all conditions precedent to bringing this cause of action

against The Travelers Home and Marine.  Specifically, The Travelers Home and Marine's

violations of the DTPA include, without limitation, the following matters:

A.      By its acts, omissions, failures, and conduct, The Travelers Home and Marine has

violated sections 17.46(b)(2), (5), (7), (9), (12), (20) and (24) of the DTPA.  The

Travelers Home and Marine's violations include without limitation, (1)

unreasonable delays in the investigation, adjustment, and resolution of Plaintiffs'

10

claim, (2) failure to give Plaintiffs the benefit of the doubt, and (3) failure to pay for the proper repair of Plaintiffs' property when liability has become reasonably clear, which gives Plaintiffs the right to recover under section 17.46(b)(2).

B.  The Travelers Home and Marine represented to Plaintiffs that the Policy and The Travelers Home and Marine's adjusting and investigative services had characteristics or benefits that they did not possess, which gives Plaintiffs the right to recover under section 17.46(b)(5) of the DTPA.

C.  The Travelers Home and Marine also represented to Plaintiffs that the Policy and The Travelers Home and Marine's adjusting services were of a particular standard, quality, or grade when they were of another, in violation of section 17.46(b)(7) of the DTPA.

D.  Furthermore, The Travelers Home and Marine advertised the Policy and adjusting services with the intent not to sell them as advertised, in violation of section 17.46(b)(9) of the DTPA.

E.  The Travelers Home and Marine breached an express warranty that the damages caused by wind and hail would be covered under the Policy.  This breach entitles Plaintiffs to recover under sections 17.46(b)(12) and (20) and 17.50(a)(2) of the DTPA.

F.  The Travelers Home and Marine's actions are unconscionable in that The Travelers Home and Marine took advantage of Plaintiffs' lack of knowledge, ability, and experience to a grossly unfair degree.   The Travelers Home and Marine's

unconscionable conduct gives Plaintiffs a right to relief under section 17.50(a)(3) of the DTPA; and

G.    The Travelers Home and Marine's conduct, acts, omissions, and failures, as described in this petition, are unfair practices in the business of insurance in violation of section 17.50(a)(4) of the DTPA.

49.    Each of the above-described acts, omissions, and failures of The Travelers Home and Marine is a producing cause of Plaintiffs' damages.  All of the above-described acts, omissions, and failures were committed "knowingly" and "intentionally," as defined by the Texas Deceptive Trade Practices Act.

## COUNT 6 - FRAUD

50.    All allegations above are incorporated herein.

51.    The Travelers Home and Marine is liable to Plaintiffs for common law fraud.

52.    Each and every misrepresentation described above concerned material facts that absent such representations, Plaintiffs would not have acted as Plaintiffs did, and The Travelers Home and Marine knew its representations were false or made recklessly without any knowledge of their truth as a positive assertion.

53.    The Travelers Home and Marine made the statements intending that Plaintiffs act upon them.  Plaintiffs then acted in reliance upon the statements, thereby causing Plaintiffs to suffer injury constituting common law fraud.

**CAUSES OF ACTION AGAINST DEFENDANT JASON JAHNZ**

**COUNT 1 – VIOLATIONS OF THE TEXAS INSURANCE CODE:**
**UNFAIR SETTLEMENT PRACTICES**

54.     All allegations above are incorporated herein.

55.     Jahnz's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Claim

Settlement Practices Act.  TEX. INS. CODE §541.060(a).

56.     Jahnz is individually liable for his unfair and deceptive acts, irrespective of the fact that he

was acting on behalf of The Travelers Home and Marine, because Jahnz is a "person," as

defined by TEX. INS. CODE §541.002(2).

57.     Jahnz knowingly underestimated the amount of damage to the Property.  As such, Jahnz

failed to adopt and implement reasonable standards for the investigation of the claim

arising under the Policy.  TEX. INS. CODE §542.003(3).

58.     Furthermore, Jahnz did not attempt in good faith to effect a fair, prompt, and equitable

settlement of the claim.  TEX. INS. CODE §542.003(4).

59.     Jahnz's unfair settlement practice of failing to provide Plaintiffs a prompt and reasonable

explanation of the basis in the Policy, in relation to the facts or applicable law, for partial

denial of the claim, also constitutes an unfair method of competition and an unfair and

deceptive act or practice.  TEX. INS. CODE §541.060(a)(3).

60.     Jahnz's unfair settlement practice of failing to attempt in good faith to make a prompt,

fair, and equitable settlement of the claim, even though liability under the Policy was

reasonably clear, constitutes an unfair method of competition and a deceptive act or

practice in the business of insurance.  TEX. INS. CODE §541.060(a)(2)(A).

13

## COUNT 2 – VIOLATION OF TEXAS DECEPTIVE TRADE PRACTICES ACT

61.    All allegations above are incorporated herein.

62.    Jahnz's conduct constitutes multiple violations of the Texas Deceptive Trade Practices Act ("DTPA"), TEX. BUS. & COM. CODE 17.41–63.   Plaintiffs are consumers of goods and services provided by Jahnz pursuant to the DTPA.   Plaintiffs have met all conditions precedent to bringing this cause of action against Jahnz. Specifically, Jahnz's violations of the DTPA include the following matters:

A.    By this Defendant's acts, omissions, failures, and conduct, Jahnz has violated sections 17.46(b)(2), (5), and (7) of the DTPA.  Jahnz's violations include, (1) failure to give Plaintiffs the benefit of the doubt, and (2) failure to write up an estimate reflecting the proper repair of Plaintiffs' Property when liability have become reasonably clear, which gives Plaintiffs the right to recover under section 17.46(b)(2).

B.    Jahnz represented to Plaintiffs that the Policy and his adjusting and investigative services had characteristics or benefits they did not possess, which gives Plaintiffs the right to recover under section 17.46(b)(5) of the DTPA.

C.    Jahnz represented to Plaintiffs that the Policy and his adjusting services were of a particular standard, quality, or grade when they were of another, in violation of section 17.46(b)(7) of the DTPA.

D.    Jahnz's actions are unconscionable in that Jahnz took advantage of Plaintiffs' lack of knowledge, ability, and experience to a grossly unfair degree.   Jahnz's

14

        unconscionable conduct gives Plaintiffs a right to relief under section 17.50(a)(3) of the DTPA; and

E.     Jahnz's conduct, acts, omissions, and failures, as described in this petition, are unfair practices in the business of insurance in violation of section 17.50(a)(4) of the DTPA.

63.    Each of Jahnz's above-described acts, omissions, and failures is a producing cause of Plaintiffs' damages.  All acts, omissions, and failures were committed "knowingly" and "intentionally" by Jahnz, as defined by the Texas Deceptive Trade Practices Act.  TEX. BUS. & COM. CODE 17.45.

### COUNT 3 - FRAUD

64.    All allegations above are incorporated herein.

65.    The Travelers Home and Marine assigned or hired Jahnz to adjust the claim.

a.    Jahnz had a vested interest in undervaluing the claims assigned to him by The Travelers Home and Marine in order to maintain his employment. The disparity in the number of damaged items in his report compared to that of Plaintiffs' public adjuster's is evidence of fraud on the part of Jahnz. The valuation of damages that were included in Jahnz's report compared to Plaintiffs' public adjuster's is also evidence of fraud on the part of Jahnz.

b.    Furthermore, Jahnz was aware of Plaintiffs' deductible before even visiting the Property to conduct the inspection. Jahnz had advanced knowledge of what amount of damages he needed to find in order to either deny the claim or find the

claim below the deductible.

c.  Jahnz made misrepresentations as to the amount of damage Plaintiffs' Property sustained as well as misrepresentations regarding how much it would cost to repair the damage to Plaintiffs' property.

d.  Jahnz made further misrepresentations to Plaintiffs during his inspection. Jahnz used his expertise to fabricate plausible explanations for why visible damage to Plaintiffs' Property would not be covered under the policy. Such misrepresentations include damage to the Property owing from wear and tear, damage from a previous claim, and damage of a type not consistent with the type of claim that was made.

### COUNT 4 - GROSS NEGLIGENCE

66.  All allegations above are incorporated herein.

67.  Jahnz's actions or omissions constitute gross negligence as defined in TEX. CIV. P. & REM. CODE § 41.001 (11)(A) and (B):

a.  Jahnz's actions, when viewed objectively from the standpoint of the actor at the time of their occurrence involves an extreme degree of risk, considering the probability and magnitude of potential harm to Plaintiffs; and

b.  Jahnz had actual, subjective awareness of the risk involved but nevertheless proceeded with conscious indifference to the rights, safety, and/or welfare of Plaintiffs.

68.     Jahnz intentionally misrepresented the scope and amount of damages on the estimate prepared for Plaintiffs' Property on behalf of The Travelers Home and Marine Insurance Company. His estimate was to such an extreme degree below what another licensed adjuster would have done in this situation (as evidenced by the Public Adjuster's estimate); it was also in complete disregard for the risk and harm Plaintiffs would suffer if the actual damages to the Property were allowed to persist unrepaired.

## COUNT 5 - NEGLIGENCE

69.     All allegations above are incorporated herein.

70.     Jahnz was negligent in his actions with regard to his adjusting of Plaintiffs' claim and violated the standard of care for an insurance adjuster licensed in the state of Texas. Those failures include one or more of the following acts or omissions:

   a.   Failure to conduct a reasonable inspection;

   b.   Failure to include covered damage that would be discovered as a result of reasonable inspection;

   c.   Failure to identify the proper cause and scope of the damage to Plaintiffs' Property;

   d.   Failure to identify the cost of proper repairs to Plaintiffs' Property; and

   e.   Failure to communicate to Plaintiffs the reasons for specific determinations made regarding the inclusion or exclusion of damage to Plaintiffs' Property.

71.     Jahnz's acts and/or omissions constitute negligence. His conduct was therefore a proximate cause of the damages sustained by Plaintiffs.

72. At all relevant times, Jahnz was an agent or employee of Defendant The Travelers Home and Marine.

73. Jahnz's unreasonable inspection was performed within the course and scope of his duties with Defendant The Travelers Home and Marine. Therefore, The Travelers Home and Marine is also liable for the negligence of Jahnz through the doctrine of respondeat superior.

**COUNT 6 - GROSS NEGLIGENCE**

74. All allegations above are incorporated herein.

75. Jahnz's actions or omissions constitute gross negligence as defined in TEX. CIV. P. & REM. CODE § 41.001 (11)(A) and (B):

   a. Jahnz's actions, when viewed objectively from the standpoint of the actor at the time of their occurrence involves an extreme degree of risk, considering the probability and magnitude of potential harm to Plaintiffs; and

   b. Jahnz had actual, subjective awareness of the risk involved but nevertheless proceeded with conscious indifference to the rights, safety, and/or welfare of Plaintiffs.

76. Jahnz intentionally misrepresented the scope and amount of damages on the estimate prepared for Plaintiffs' Property on behalf of The Travelers Home and Marine Insurance Company. His estimate was to such an extreme degree below what another licensed adjuster would have done in this situation (as evidenced by the Public Adjuster's

18

estimate); it was also in complete disregard for the risk and harm Plaintiffs would suffer if the actual damages to the Property were allowed to persist unrepaired.

## KNOWLEDGE

77.   Defendant made each of the acts described above, together and singularly, "knowingly," as defined in the Texas Insurance Code, and each was a producing cause of Plaintiffs' damages described herein.

## WAIVER AND ESTOPPEL

78.   Defendant waived and are estopped from asserting any coverage defenses, conditions, exclusions, or exceptions to coverage not contained in any reservation of rights letter to Plaintiffs.

## DAMAGES

79.   Since the claim was made, The Travelers Home and Marine has not properly compensated Plaintiffs for all necessary repairs made, which are covered under the Policy.  This has caused undue hardship and burden to Plaintiffs.  These damages are a direct result of Defendant's mishandling of Plaintiffs' claim in violation of the laws set forth above.

80.   Defendant made the above and other false representations to Plaintiffs, either knowingly or recklessly, as a positive assertion, without knowledge of the truth.  Defendant made these false misrepresentations with the intent that Plaintiffs act in accordance with the misrepresentations.  Plaintiffs then relied on these misrepresentations, including but not limited to those regarding coverage and the cause and scope of damage.   Plaintiffs suffered damages as a result.

81.     Plaintiffs would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of damages sustained.  The acts, omissions, failures, and conduct of Defendant has caused Plaintiffs' damages, which include, without limitation, costs for all necessary repairs required to be made to Plaintiffs' Property, and any investigative and engineering fees incurred.

82.     For breach of contract, Plaintiffs are entitled to regain the benefit of Plaintiffs' bargain, which is the amount of Plaintiffs' claim, consequential damages, together with attorney's fees.

83.     The damage to Plaintiffs' Property is currently estimated at 26380.

84.     For noncompliance with the DTPA and Texas Insurance Code, Unfair Settlement Practices, Plaintiffs are entitled to actual damages, which include the loss of the benefits owed pursuant to the Policy, court costs, and attorney's fees.  For knowing and intentional conduct of the acts described above, Plaintiffs asks for three (3) times Plaintiffs' actual damages.  TEX. INS. CODE §541.152 and TEX. BUS. & COM. CODE 17.50(B)(1).

85.     For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiffs are entitled to the amount of Plaintiffs' claim, plus an eighteen percent (18%) per annum penalty on that claim, as damages, as well as pre-judgment interest and reasonable attorney's fees.  TEX. INS. CODE §542.060.

86.     For breach of the common law duty of good faith and fair dealing, Plaintiffs are entitled to compensatory damages, including all forms of loss resulting from Defendant breach of

duty, such as additional costs, economic hardship, losses due to nonpayment of money The Travelers Home and Marine owed, and exemplary damages.

87.    Defendant's breach of the common law duty of good faith and fair dealing was committed intentionally, with a conscious indifference to Plaintiffs' rights and welfare, and with "malice," as that term is defined in Chapter 41 of the Texas Civil Practices and Remedies Code.  These violations are the type of conduct which the State of Texas protects its citizens against by the imposition of exemplary damages.  Therefore, Plaintiffs seek the recovery of exemplary damages in an amount determined by the finder of fact sufficient to punish Defendant for their wrongful conduct and to set an example to deter Defendant and others from committing similar acts in the future.

88.    For fraud, Plaintiffs are entitled to recover actual and exemplary damages for knowingly fraudulent and malicious representations, along with attorney's fees, interest, and court costs.

89.    For the prosecution and collection of this claim, Plaintiffs have been compelled to engage the services of the attorneys subscribed to this pleading.  Therefore, under Chapter 38 of the Texas Civil Practices and Remedies Code, sections 541 and 542 of the Texas Insurance Code, and section 17.50 of the DTPA, Plaintiffs are entitled to recover a sum for the reasonable and necessary services of Plaintiffs' attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

90.     As required by Rule 47(b) of the Texas Rules of Civil Procedure, Plaintiffs' counsel states that the damages sought are in an amount within the jurisdictional limits of this Court.   As required by Rule 47(c)(3) of the Texas Rules of Civil Procedure, Plaintiffs' counsel states that Plaintiffs seek only monetary relief of no less than $100,000.00, but no more than $200,000.00, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees. A jury will ultimately determine the monetary relief actually awarded, however.   Plaintiffs also seek pre-judgment and post-judgment interest at the highest legal rate.

**REQUESTS FOR DISCLOSURE**

91.     Under Texas Rules of Civil Procedure 190 and 194, Plaintiffs request that Defendant disclose, within fifty (50) days from the date this request is served, the information or material described in Rules 190.2(b)(6) and 194.2.

**JURY DEMAND**

92.     Plaintiffs hereby request a jury trial for all causes of action alleged herein, tried before a jury consisting of citizens residing in Montgomery County, Texas.  Plaintiffs hereby tender the appropriate jury fee.

**PRAYER**

Plaintiffs pray that Defendant, The Travelers Home and Marine Insurance Company, be cited and served to appear, and that upon trial hereof, Plaintiffs,  Sabrina Karachiwalla and Mustafa Yamani, have and recovers from Defendant, The Travelers Home and Marine Insurance Company, such sums as would reasonably and justly compensate Plaintiffs in accordance with

the rules of law and procedure, as to actual, consequential, and treble damages under the Texas Insurance Code and Texas Deceptive Trade Practices Act, and all punitive, additional, and exemplary damages, as may be found.  In addition, Plaintiffs request the award of attorney's fees for the trial and any appeal of this case, for all costs of Court expended on Plaintiffs' behalf, for pre-judgment and post-judgment interest as allowed by law; and for any other and further relief, at law or in equity, to which Plaintiffs, Sabrina Karachiwalla and Mustafa Yamani, may show Plaintiffs are justly entitled.

Respectfully submitted,

CHAD T WILSON LAW FIRM PLLC

By: */s/ Chad T. Wilson*

Chad T. Wilson
Bar No. 24079587
Thomas J. Landry
Bar No. 240919161
455 East Medical Center, Suite 555
Webster, Texas 77598
Telephone: (832) 415-1432
Facsimile: (281) 940-2137
eservice@cwilsonlaw.com
cwilson@cwilsonlaw.com
tlandry@cwilsonlaw.com

ATTORNEYS FOR PLAINTIFFS